UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jason Altheide,

    Plaintiff

v.

State of Nevada et al.,

    Defendants

2:17-cv-02028-JAD-NJK

**Order Dismissing Case**

    Pro se plaintiff Jason Altheide is serving two consecutive life sentences without the possibility of parole after he was convicted as a habitual criminal.[1] He filed this civil-rights complaint under 42 U.S.C. § 1983 with an incomplete application to proceed *in forma pauperis*,[2] and Magistrate Judge Koppe allowed Altheide until October 20, 2017, to file a completed pauper application or pay the full $400 filing fee to avoid having this case dismissed.[3] The deadline has now expired, and Altheide has not filed a completed application, paid the filing fee, or otherwise responded to the court's order.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to

---

[1] *See* ECF No. 1-1 at 1; *see also* NEV. DEP'T OF CORRECTIONS, http://doc.nv.gov/Inmates/Home (Last visited Oct. 31, 2017) (click on "Inmate Search" and then search by name for Jason Altheide or by offender ID 1169889).

[2] ECF No. 1.

[3] ECF Nos. 3, 7.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

comply with local rules.[5]  In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

    I find that the first two factors weigh in favor of dismissal.  The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]  The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.[8]  Judge Koppe warned Altheide that if he did not comply with her order, "dismissal of this action may result."[9]  He did not comply, so dismissal is appropriate.

---

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[9] ECF No. 7 at 2.

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED** without prejudice to Altheide's ability to file a new § 1983 civil-rights complaint along with a completed pauper application or the $400 filing fee.

The **Clerk of Court** is directed to **CLOSE THIS CASE**.

DATED: October 31, 2017.

_____
Jennifer A. Dorsey
United States District Judge